In the Court of Common Pleas
Franklin County, Ohio
Civil Division

| | |
|---|---|
| Delaine Dayton<br>c/o Pat Horner, Attorney<br>412 14th Street<br>Toledo, OH 43604 | Case No.<br><br>Judge |
| Plaintiff | Complaint for Medical Malpractice |
| v. | |
| NuVasive Clinical Services<br>Monitoring, Inc.<br>c/o Cogency Global Inc.<br>Statutory Agent<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br>    And | Patricia Horner<br>S.Ct. #0039912<br>412 14th Street<br>Toledo, OH 43604<br>(419) 699-6163<br>FAX (419) 244-1119<br>attorneypath@gmail.com<br>Attorney for plaintiff |

John Does 1-5 (whose names and
Addresses are unknown)
c/o NuVasive Clinical Services Monitoring, Inc.
c/o Cogency Global Inc., Statutory Agent
3958-D Brown Park Drive
Hilliard, OH 43026
    And

American Neuromonitoring Associates, P.C.
c/o Cogency Global Inc., Statutory Agent
3958-D Brown Park Drive
Hilliard, OH 43026
    And

John Does 6-10 (whose names and
Addresses are unknown)
c/o American Neuromonitoring Associates, P.C.
c/o Cogency Global Inc., Statutory Agent



DEFENDANT'S EXHIBIT A

1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 13 9:31 PM-22CV000307
0F767 - P18

>3958-D Brown Park Drive
>Hilliard, OH 43026

>Defendants.

***************

Now comes plaintiff, Delaine Dayton, through Counsel and for her allegations states as follows.

1. Plaintiff Delaine Dayton is a resident of Columbus, Franklin County Ohio and has been throughout the time giving rise to the events set forth herein.

2. Plaintiff Delaine Dayton underwent cervical fusion surgery on or about January 14, 2021 at Ohio State University Wexner Medical Center Brain and Spine hospital (hereinafter at times OSU).

3. Plaintiff's neurosurgeon was Dr. Safdar Kahn.

4. Defendant NuVasive Clinical Services Monitoring, Inc. (hereinafter NuVasive) is a foreign corporation organized under the laws of the State of Delaware, is authorized to do business in the State of Ohio, has a place of business in Franklin County Ohio, and provides, inter alia, intraoperative neuromonitoring services to Ohio hospitals and physicians.

5. Additionally, defendant NuVasive provided neuromonitoring services at Ohio State University Wexner Center, Brain and Spine hospital, by providing medical services, care and treatment to plaintiff while she was at OSU Wexner Medical Center Brain and Spine hospital on or about January 14, 2021.

6. Defendants John Does 1-5 whose names and addresses are unknown presently, are employees of, agents of, staff of, personnel, contractors, and /or partners of defendant NuVasive, and provided medical care and services, including but not limited to neuromonitoring services for plaintiff, and plaintiff's neurosurgeon Dr. Kahn, while she was at OSU Wexner Medical Center Brain and Spine hospital on or about January 14, 2021.

7. Defendant American Neuromonitoring Associates, P.C. (hereinafter American) is a foreign corporation organized under the laws of the State of Delaware, is authorized to do business in the State of Ohio, has a place of business in Franklin County Ohio, and

2

provides, inter alia, intraoperative neuromonitoring services, including physicians, physician assistants, certified nurse practitioners and /or other medical personnel to Ohio hospitals and physicians.

8. Defendants John Does 6-10 whose names and addresses are unknown presently, are employees of, agents of, staff of, personnel, contractors and/partners of defendant American, and provided medical care and services, including but not limited to neuromonitoring services for plaintiff, and plaintiff's neurosurgeon Dr. Kahn, while she was at OSU Wexner Medical Center Brain and Spine hospital on or about January 14, 2021.

9. Defendants NuVasive, American and John Does 1-10 provided medical services, care and treatment to plaintiff, upon information and belief, at the request of OSU Wexner Medical Center, Brain and Spine hospital.

10. Upon information and belief, Defendants NuVasive, American and John Does 1-10 provided medical care, services and treatment to plaintiff at the request of Dr. Safdar Kahn, a physician with OSU Wexner Medical Center Brain and Spine hospital.

11. Defendants NuVasive and John Does 1-5 and other medical personnel were, at all times, to exercise the degree of care as a reasonably skillful, prudent and careful physician, specialist would provide under the same or similar circumstances during the care and treatment provided to plaintiff at OSU Brain and Spine hospital.

12. Defendants American and John Does 6-10 and other medical personnel were, at all times, to exercise the degree of care as a reasonably skillful, prudent and careful physician, specialist would provide under the same or similar circumstances during the care and treatment provided to plaintiff at OSU Brain and Spine hospital.

13. At all times relevant herein, the acts and omissions performed by defendants NuVasive and John Does 1-5 including but not limited to employees, servants, staff, contractors, partners and/or agents, whose identities are presently unknown, were acting within the scope of their express, implied and/or apparent authority as agents, employees, staff, servants, contractors, partners and/or personnel of defendant NuVasive.

14. At all times relevant herein, the acts and omissions performed by defendants American and John Does 6-10 including but not limited to employees, contractors, partners, staff, servants and/or agents, whose identities are presently unknown, were acting within the scope of their express, implied and/or apparent authority as agents, employees, staff, servants, contractors, partners and/or personnel of defendant American.

15. At all times relevant herein, defendants John Does 1-10 were medical physicians-surgeons, duly licensed by the State of Ohio and practiced medicine at, inter alia, OSU Wexner Medical Center-Brain and Spine Hospital located in Columbus, Franklin County, Ohio. Defendants John Does 1-10 provided neuromonitoring medical services for plaintiff's surgeon, Dr. Safdar Kahn, for the events set forth herein.

16. On or about January 14, 2021, plaintiff was at OSU Wexner Center Brain and Spine Hospital and underwent surgery fusing her cervical disks C3 and C4. Upon information and believe, this surgery was performed by Dr. Safdar Kahn and/or it was overseen by him given OSU Wexner Medical Center is a university teaching medical facility.

17. On January 14, 2021, all defendants provided neuromonitoring services for plaintiff during the fusion surgery performed by Dr. Safdar Kahn or overseen by him.

18. Following the procedure, upon waking at the hospital, plaintiff experienced pain, and an inability to swallow as well as an inability to use her tongue, plus she experienced fear, anxiety, and emotional distress. Plaintiff was evaluated by all defendants' agents, employees, servants, including, Dr. Khan who ordered exploratory tests.

19. These tests indicated a nerve or nerves had been damaged during Dr. Kahn's fusion surgery.

20. Due to the nature and circumstances of the fusion surgical procedure, defendants NuVasive and John Does 1-5 explicitly and implicitly undertook a duty to exercise reasonable care and to provide proper, appropriate medical services, care and treatment to plaintiff that conformed with the accepted standard of care as required by the community so as to avoid harm to Plaintiff's physical and emotional well-being.

21. Due to the nature and circumstances of the fusion surgical procedure, defendants American and John Does 6-10 explicitly and implicitly undertook a duty to exercise reasonable care and to provide proper, appropriate medical services, care and treatment to plaintiff that conformed with the accepted standard of care as required by the community so as to avoid harm to Plaintiff's physical and emotional well-being.

22. On January 14, 2021 Defendants NuVasive and John Does 1-5 did not meet the appropriate, proper medical services, care and treatment that conformed with the accepted standard of care as required by the community when they failed to properly and appropriately monitor Dr. Kahn's surgical procedure whereby these defendants failed to

4

Case: 2:22-cv-00800-EAS-KAJ Doc #: 3 Filed: 02/23/22 Page: 5 of 6 PAGEID #: 27
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 13 9:31 PM-22CV000307
0F767 - P21

alert him to and/or monitor the procedure for avoiding/preventing damage to plaintiff's, inter alia, esophageal and tongue nerves during the fusion surgery.

23. On January 14, 2021 Defendants American and John Does 6-10 did not meet the appropriate, proper medical services, care and treatment that conformed with the accepted standard of care as required by the community when they failed to properly and appropriately monitor Dr. Kahn's surgical procedure whereby these defendants failed to alert him to and/or monitor the procedure for avoiding/preventing damage to plaintiff's, inter alia, esophageal and tongue nerves during the fusion surgery.

24. All Defendants failure to meet the accepted standard of medical services, care and treatment to plaintiff during the fusion surgery on plaintiff and this was a breach of said care and treatment.

25. All Defendants' failure was breach of that care, services and/or treatment and was medical malpractice or medical negligence.

26. As a proximate and direct result of all defendants medical malpractice, plaintiff has sustained physical and mental damages, as well as incurred medical expenses. Plaintiff may incur future medical expenses as well as future physical and mental injuries as a direct and proximate result of all defendants medical malpractice.

27. Since January 14, 2021 plaintiff has undergone multiple exams of her esophagus and swallowing due to the difficulties caused by the nerve damage.

28. Plaintiff, as a direct and proximate result of all Defendants negligence, she has experienced gastroparesis, has recently been diagnosed with tortured esophagus and suffers from depression, emotional distress, anxiety, pain, suffering, loss of enjoyment and quality of life and permanent injury.

29. Plaintiff's Counsel has not been able to obtain an affidavit of merit from a reviewing physician, although she has medical records, and she has reviewed them, she has been unable to ascertain the names and addresses of the John Doe defendants for purposes of preparing an affidavit of merit as required by Civ. R. 10(D)(2)(b). Further, Counsel has not been able to ascertain which defendant entity John Does 1-10 worked for, were employed by and /or were associated with for purposes of an affidavit of merit. Counsel will submit the affidavit of merit once she receives it, however, due to the statute of limitations deadline she and her client are *submitting a motion for extension of time by which to file said affidavit. This Motion is incorporated by reference here.*

5

Case: 2:22-cv-00800-EAS-KAJ Doc #: 3 Filed: 02/23/22 Page: 6 of 6  PAGEID #: 28
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 13 9:31 PM-22CV000307
0F767 - P22

WHEREFORE, plaintiff Dayton prays for judgment against all defendants, jointly and severally, and she be awarded compensatory damages in excess of $25,000.00, interest, pre-judgment interest, costs, expenses, and any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Patricia Horner*
Patricia Horner